## Case No. 4,457.

The EMILY B. SOUDER.

[8 Blatchf. 339.] [1]

Circuit Court, S. D. New York. April 24, 1871. [2]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 17 Wall. (84 U. S.) 666.]

William W. Goodrich, for libellant.
Charles Donohue, for claimants.

WOODRUFF, Circuit Judge. The appeal in this case was heard together with the appeal in Beatty against the same steamer [Case No. 4,456], which was prosecuted in the eastern district of New York. Having come to the conclusion that the libellants in that case are entitled to recover, it is here only material to notice the grounds upon which the case of this libellant, John Pritchard, is claimed to differ from that of the libellants in the other suit.

The steamer having put into Maranham, in Brazil, in distress, at which port the captain and owners were wholly without credit, Pakenham Beatty & Co. consented to make, and did make, advances for her repairs and supplies, to enable her to continue her voyage to New York, and bills of exchange were drawn by the captain on her owners, for re-imbursement, and, to the amount of one of such bills, they are, in the other suit, adjudged to have acquired a lien upon the vessel, which they, upon the non-payment of the bill of exchange, are entitled to enforce. The present libellant, after such advances had been actually made, or a personal liability to pay for such repairs had been incurred by Beatty & Co., on the day before the vessel sailed, advanced fifteen hundred mil reis, which Beatty & Co. placed to the credit of the vessel and owners, and the libellant took a bill, drawn by the captain, in his own favor, upon the owners, for his own re-imbursement, and Beatty & Co. took a bill for the balance of their account. It is, thereupon, insisted, that, when this libellant advanced his money, the vessel had, in fact, obtained all the credit which was necessary, and, therefore, the captain had, at that time, no authority to obtain or accept funds from the libellant on the credit of the vessel, and, consequently, the libellant could acquire no lien, but must rely upon the bill of exchange alone, for re-imbursement.

The principle here invoked is, no doubt, clear. The master is not presumed to borrow money on the credit of the vessel, when there is no necessity therefor, and no implied lien arises in such a case. But, upon the proofs here, I think, (notwithstanding the denials of the master, who, in various particulars, is contradicted,) the libellant, in respect of his advance, stands upon the same footing as Beatty & Co. In the endeavors made by the master, and the American consul assisting him, to procure advances for the repairs and supplies to the vessel, the libellant was applied to. He also assisted in making application to others. He consented, or, at least, gave reason to expect, that he would advance some portion of the sum required, and, finally, when the vessel was about to sail, he did, for the partial re-imbursement of Beatty & Co., advance his money. In doing this, he only complied with the request of the master, and no substantial difference should be made, to his prejudice, than could be made if he had consented to make the advance, and had paid over his money, directly in satisfaction of bills for repairs or supplies. Whether he be regarded as making the advance in pursuance of such consent, and so becoming a sharer with Beatty & Co. in the giving of the credit, and with like recourse to the vessel, or be regarded as assuming, with the master's consent, a share in the advance actually made, with its hazards and its incidents, and so becoming, pro tanto, a holder of the lien, by delegation from them, express or implied, in either case, he is entitled to the like protection.

Without discussing the testimony in detail, it must suffice to say, I think the decree in his favor was correct, and that the libellant is entitled to a decree for the sum awarded in the district court, with interest and costs, together with costs on this appeal.